UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD LUCKEY,

　　Petitioner,

v.　　　　　　　　　　　　　　　　　　Case No: 6:16-cv-1229-Orl-18TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

　　Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Leonard Luckey's Petition for Writ of Habeas Corpus ("Petition," Doc. 1). Respondents filed a Response to the Petition ("Response," Doc. 16) in compliance with this Court's instructions. Petitioner was provided an opportunity to file a Reply to the Response but did not do so.

Petitioner asserts three grounds for relief in the Petition. For the following reasons, the Petition will be denied and dismissed as untimely or otherwise on the merits.

### I.　Procedural History

Petitioner was charged with burglary of a dwelling with a battery. (Doc. 17-1 at 49.) A jury found Petitioner guilty as charged. (*Id.* at 77.) The trial court sentenced Petitioner to life in prison as a prison release reoffender. (*Id.* at 39-40.) Petitioner appealed, and on June 29, 2004, the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 17-3 at 102.)

On June 21, 2005, Petitioner filed a motion for post-conviction relief pursuant to

Rule 3.850 of the Florida Rules of Criminal Procedure,[1] but he subsequently filed another Rule 3.850 motion. *See* Doc. 17-3 at 145. The state court denied the subsequently filed motion in part and conducted a hearing on one ground. (*Id.* at 145-50.) The state court denied the remaining ground after the hearing. (*Id.* at 215; Doc. 17-4 at 18-19.) Petitioner appealed, and the Fifth DCA affirmed in part and reversed and remanded as to two grounds. (Doc. 17-4 at 66-71.) On remand, the state court appointed counsel to Petitioner, ordered competency evaluations, and subsequently found Petitioner to be competent. (Doc. 17-8 at 3-4.) The state court then conducted an evidentiary hearing after which it found one ground to be waived because Petitioner did not timely amend it and denied the other ground on the merits. (Doc. 17-5 at 76-79.) Petitioner appealed, and the Fifth DCA affirmed. (Doc. 17-9 at 32-33.) Mandate issued on April 23, 2012. (*Id.* at 34.)

While his Rule 3.850 proceeding was pending, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure on November 29, 2005. The state court denied the motion on January 9, 2006. *See* Doc. 17-3 at 145, 271. Petitioner did not appeal.

On April 11, 2012, Petitioner filed a state habeas petition.[2] (Doc. 17-9 at 39-44.) The

---

[1] The record submitted by Respondents does not contain the June 21, 2005 Rule 3.850 motion. However, the state court referenced the motion in its order on Petitioner's post-conviction motion. *See* Doc. 17-3 at 145.

[2] This is the filing date under Florida law. *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[H]enceforth we will presume that a legal document submitted by an inmate is timely filed if contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date. . . . This presumption will shift the burden to the state to prove that the document was not timely placed in prison officials' hands for mailing."); *see also Crews v. Malara*, 123 So. 3d 144, 146 (Fla. 1st

state court denied the petition. (*Id.* at 130-37.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 240.) Mandate issued on April 17, 2014. (*Id.* at 241.)

On October 4, 2016, Petitioner filed a Rule 3.800(a) motion. *See* https://app02.clerk.org; Doc. 17-9 at 243. The state court denied the motion. *See* https://app02.clerk.org. Petitioner appealed but voluntarily dismissed the appeal on September 20, 2017. *See* http://jweb.flcourts.org.

Petitioner filed the Petition on July 4, 2016. (Doc. 1.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

DCA 2013) (holding that the prison date stamp on the prisoner's petition rebutted presumption that it was delivered on the date contained on the certificate of service).

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

In the present case, the Fifth DCA affirmed Petitioner's conviction on June 29, 2004. Petitioner then had ninety days, or through September 27, 2004, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13.[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 27, 2004, and Petitioner had through September 28, 2005, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired).

Under § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's "properly filed" state collateral proceedings. When Petitioner filed his Rule

---

[3]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

3.850 motion on June 21, 2005, 267 days of the limitations period had expired. The time was tolled through April 17, 2014, when mandate issued on Petitioner's state habeas petition. At that time, 182 (365 - 267 = 98) days remained to timely file a petition, or through July 24, 2014. The Petition, however, was not filed until July 4, 2016. Accordingly, the Petition is untimely.[4]

Any of Petitioner's allegations that attempt to excuse his failure to file a petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a

---

[4] Alternatively, ground one is denied as procedurally barred and on the merits and grounds two and three are denied on the merits.

prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.
2. Petitioner is **DENIED** a Certificate of Appealability.
3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2017.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Counsel of Record
Unrepresented Party